# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KATHY D. ROHALEY,

    Plaintiff,

Case No.: 6:15-cv-1004-ORL-31-DAB

v.

HAROLD RAY CRAIG, and U.S. XPRESS
LEASING OF TENNESSEE, INC., and TOTAL
TRANSPORTATION OF MISSISSIPPI LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, TOTAL TRANSPORTATION OF MISSISSIPPI, LLC., by and through its undersigned counsel, and pursuant to 28 U.S.C. §§1332, 1441 and 1446, with full reservation of defenses, hereby gives Notice of Removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, based upon the existence of diversity jurisdiction. In support hereof, Defendants state as follows:

### PROCEDURAL HISTORY

1. This is a personal injury action arising out of an incident that occurred on or about December 27, 2010. (Complaint ¶ 4) (A copy of the Complaint is attached hereto as Exhibit "A").

2. Plaintiff, KATHY D. ROHALEY, ("Rohaley"), alleges that she was injured during a motor vehicle incident involving the Defendants (Complaint ¶¶ 10; 12; 15).

3. As a result of the accident and alleged injuries, on December 22, 2014, Rohaley brought a civil suit in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County,

Florida, styled *Kathy D. Rohaley v. Harold Ray Craig, and U.S. Xpress Leasing of Tennessee, Inc. and Total Transportation of Mississippi, LLC,* Case No.: 2014-CA-13111-O. (See Exhibit "A.")

4. On May 19, 2015, Rohaley served her Complaint upon the Defendant, Total Transportation of Mississippi, LLC.

## COMPLETE DIVERSITY EXISTS

5. Plaintiff's cause of action is one over which this Court has original jurisdiction under 28 U.S.C. §1332 which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

6. Upon information and belief, Plaintiff was and is a citizen and resident of the Commonwealth of Virginia.

7. At all times material to this cause Defendant, Harold Ray Craig, was and is a resident of the State of Tennessee. Complaint, ¶ 8. Upon information and belief, as of the filing of this Notice, Mr. Craig had not been served with summons for this lawsuit.

8. At all times material to this cause Defendant, Total Transportation of Mississippi, LLC, was and is a limited liability company with its principal place of business and nerve center in Mississippi. (See Affidavit of John Stomps attached hereto as Exhibit "B.")

9. At all time material to this cause Defendant, U.S. Xpress, was and is a Nevada corporation with its principal place of business in Chattanooga, Tennessee. Upon information and belief, as of the filing of this Notice, U.S. Xpress had not been served with summons for this

2

lawsuit.

10. For diversity jurisdiction purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). The Supreme Court has recently determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).

11. Therefore, the state of citizenship of the Defendants is different from the state of citizenship of the Plaintiff.

## JURISDICTIONAL AMOUNT IN CONTROVERSY

12. In determining the amount in controversy, the Court looks first to the complaint. *Akhdary v. Blackbird Technologies, Inc.*, WL 1064213 (M.D.Fla. 2007) (citation omitted). Here, The Plaintiff's Complaint alleges unspecified damages in excess of $15,000. (Complaint ¶ 1). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000). *See also Leonard v. Enterprise Rent A Car*, 279 F. 3d 967, 972 (11th Cir. 2002).

13. A defendant may use a variety of documents as "other paper" in determining the amount in controversy requirement. *See Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001); *Saberton v. Sears Roebuck and Co.*, 392 F. Supp. 2d 1358 (M.D. Fla. 2005).

14. Prior to the filing of this action, Plaintiff made a demand on Defendants of for an amount in excess of $75,000.

3

15. Therefore, the amount in controversy in this case exceeds this Court's $75,000 minimal jurisdictional limit pursuant to 28 U.S.C. § 1332(b).

16. According to the allegations of Plaintiff's Complaint, the Plaintiff's cause of action arose in Orange County, Florida. Therefore, venue is proper in the U.S. District Court for the Middle District of Florida, Orlando Division.

## REMOVAL IS TIMELY

17. On or about December 22, 2014, Plaintiff filed her Complaint in the Ninth Judicial Circuit in and for Orange County, Florida, and service of process upon the Defendants was perfected on May 19, 2015.

18. Therefore, removal of this case is timely as it is within the 30-day time limit for removal pursuant to 28 U.S.C. § 1446(b).

## CONCLUSION

19. Accordingly, the above-described action is one over which this Court has jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant, Total Transportation of Mississippi, pursuant to 28 U.S.C. §§1441 and 1446, in that:

A. It is an action between a citizen of this State and a citizen or subject of a foreign state;

B. It is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs;

C. The action was removed within 30 days of the service and notification to Defendant of the complaint.

20. Pursuant to 28 U.S.C. §1446(d), Defendants have provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Court of the Ninth Judicial Circuit in and for Orange County, Florida, and has filed herein copies of all pleadings from the state court action. (A copy of Defendants' Notice of Removal to Opposing

4

Counsel is attached hereto as Exhibit "C," and a copy of Defendants' Certification of Notice of Removal is attached hereto as Exhibit "D.")

WHEREFORE, Defendant, TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, respectfully request that the above action now pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed therefrom to this Honorable Court.

DATED this __18__ day of June, 2015.

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
DAVID A. MERCER, ESQ.
Florida Bar No.: 156035
dmercer@butler.legal
JAMIE R. COMBEE, ESQ.
Florida Bar No.: 108447
jcombee@butler.legal
Secondary: eservice@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Jeffrey M. Byrd, Esq.
Jeffrey M. Byrd, P.A.
2620 East Robinson Street
Orlando, FL 32803
attorneybyrd@aggressiveattorneys.com
Secondary: terry@aggressiveattorneys.com; pleadings@aggressiveattorneys.com
Attorneys For: Plaintiff

Via E-Service on June 18, 2015.

_____
DAVID A. MERCER, ESQ.

6