IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHY D. ROHALEY,                              Case No.:

    Plaintiff,

v.

HAROLD RAY CRAIG, and U.S. XPRESS
LEASING OF TENNESSEE, INC., and TOTAL
TRANSPORTATION OF MISSISSIPPI LLC,

    Defendants.
_____/

# EXHIBIT "A" to Notice of Removal

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.

KATHY D. ROHALEY,

        Plaintiff,

vs.

HAROLD RAY CRAIG, and U.S. XPRESS
LEASING OF TENNESSEE, INC., and TOTAL
TRANSPORTATION OF MISSISSIPPI LLC,

        Defendants.
_____/

## COMPLAINT

The Plaintiff, KATHY D. ROHALEY, sues the Defendants, HAROLD RAY CRAIG, U.S. XPRESS LEASING OF TENNESSEE, INC., d/b/a, U.S. XPRESS LEASING, INC., [hereinafter "U.S. XPRESS"], a foreign profit corporation, and TOTAL TRANSPORTATION OF MISSISSIPPI, a limited liability company, [hereinafter "TOTAL TRANSPORTATION"], and alleges:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2. That at all times material to this cause, Defendant, U.S. XPRESS was and is a foreign profit corporation doing business in the State of Florida in the form of interstate trucking.

3. That at all times material to this cause, Defendant, TOTAL TRANSPORTATION was and is a limited liability company doing business in the State of Florida in the form of interstate trucking.

4. On or about December 27, 2010, Defendant, U.S. XPRESS, owned, and Defendant, HAROLD RAY CRAIG with the express and/or implied consent of Defendant, U.S. XPRESS,

1

operated a motor vehicle traveling east on Interstate 4 (S.R. 400) approaching the exit for State Road 482 (Sand Lake Road) in Orlando, Orange County, Florida.

5. In the alternative, upon information and belief, on or about December 27, 2010, Defendant, TOTAL TRANSPORTATION, owned, and Defendant, HAROLD RAY CRAIG with the express and/or implied consent of Defendant, TOTAL TRANSPORTATION, operated a motor vehicle traveling east on Interstate 4 (S.R. 400) approaching the exit for State Road 482 (Sand Lake Road) in Orlando, Orange County, Florida.

6. Upon information and belief, at all times material to this cause, the Defendant, U.S. XPRESS was a non-resident, foreign profit corporation, providing a Tennessee vehicle tag to the police officer at the scene of the crash; therefore, Defendant has accepted the privilege extended by Florida law by allowing the operation its motor vehicle within Florida. Defendant has thereby constituted the Secretary of State of Florida as the Defendant's agent for the service of process in any civil action in Florida arising out of or by reason of any accident or collision occurring within Florida in which the motor vehicle is involved.

7. Upon information and belief, at all times material to this cause, the Defendant, TOTAL TRANSPORTATION was a non-resident, limited liability company, providing a Mississippi vehicle tag to the police officer at the scene of the crash; therefore, Defendant has accepted the privilege extended by Florida law by allowing the operation its motor vehicle within Florida. Defendant has thereby constituted the Secretary of State of Florida as the Defendant's agent for the service of process in any civil action in Florida arising out of or by reason of any accident or collision occurring within Florida in which the motor vehicle is involved.

8. Upon information and belief, at all times material to this cause, the Defendant, HAROLD RAY CRAIG was a non-resident of Florida, providing a Tennessee driver's license to the police officer at the scene of the crash; therefore, he accepted the privilege extended by Florida law of operating a motor vehicle within Florida and thereby constituted the Secretary of State of Florida as the Defendant's agent for the service of process in any civil action in Florida arising out of or by reason of any accident or collision occurring within Florida in which the motor vehicle is involved.

### COUNT I AGAINST HAROLD RAY CRAIG

Plaintiff re-alleges paragraphs 1-8 and adopts paragraphs 17-18, and further says as follows:

9. At that time and place, Defendant, HAROLD RAY CRAIG, negligently operated the subject vehicle and trailer such that he rear-ended the vehicle where the Plaintiff, KATHY D. ROHALEY was a passenger, who was then pushed into the vehicle in front where there was stopped traffic.

10. As a direct and proximate result of the negligence of the Defendant, HAROLD RAY CRAIG, the Plaintiff, KATHY D. ROHALEY has suffered damages as more fully set forth below.

### COUNT II AGAINST U.S. XPRESS

Plaintiff re-alleges paragraph 1-10 and adopts paragraphs 17-18, and further says as follows:

11. Upon information and belief, at all times material to this cause, Defendant, HAROLD RAY CRAIG was an employee, agent, or servant of Defendant, U.S. XPRESS, acting within his scope of employment, agency or service with said Defendant; therefore, Defendant, U.S.

XPRESS, is vicariously liable for the acts of its employee under the doctrines of "dangerous instrumentality" and "respondeat superior".

12. As a direct and proximate result of the negligence of the Defendant, HAROLD RAY CRAIG the Plaintiff, KATHY D. ROHALEY has suffered damages as more fully set forth below for which the Defendant, U.S. XPRESS, is vicariously liable under the "dangerous instrumentality" and "respondeat superior" doctrines.

13. As a direct and proximate result of the negligence of the Defendant, HAROLD RAY CRAIG, the Plaintiff has suffered damages as more fully set forth below.

## COUNT III AGAINST TOTAL TRANSPORTATION

Plaintiff re-alleges paragraph 1-10 and adopts paragraphs 17-18, and further says as follows:

14. In the alternative, upon information and belief, at all times material to this cause, Defendant, HAROLD RAY CRAIG was an employee, agent, or servant of Defendant, TOTAL TRANSPORTATION, acting within his scope of employment, agency or service with said Defendant; therefore, Defendant, TOTAL TRANSPORTATION, is vicariously liable for the acts of its employee under the doctrines of "dangerous instrumentality" and "respondeat superior".

15. As a direct and proximate result of the negligence of the Defendant, HAROLD RAY CRAIG the Plaintiff, KATHY D. ROHALEY has suffered damages as more fully set forth below for which the Defendant, TOTAL TRANSPORTATION, is vicariously liable under the "dangerous instrumentality" and "respondeat superior" doctrines.

16. As a direct and proximate result of the negligence of the Defendant, HAROLD RAY CRAIG, the Plaintiff has suffered damages as more fully set forth below.

## **DAMAGES**

17. As a direct and proximate result of the above-mentioned accident, the Plaintiff, KATHY D. ROHALEY, has suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and the aggravation of a previously existing condition. These losses are either permanent or continuing within a reasonable degree of medical probability, and Plaintiff, KATHY D. ROHALEY, will continue to suffer these losses in the future.

18. The Plaintiff further requests prejudgment interest at the legal rate on all amounts incurred for healthcare, hospital, doctor and/or nursing expenses, as well as any other economic damages and on any other liquidated expenses incurred as a result of the aforesaid injuries.

WHEREFORE, the Plaintiff, KATHY D. ROHALEY, demands judgment against the Defendants, HAROLD RAY CRAIG, U.S. XPRESS, and TOTAL TRANSPORTATION jointly and severally, for compensatory damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest together with costs and prejudgment interest for that portion of the compensatory damages which have been previously liquidated, and any other relief to which the Plaintiff may be entitled and the Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically e-filed through the Florida Courts E-Filing Portal and pursuant to Rule 2.516, Florida Rules of Judicial Administration, e-service will be completed through the E-Portal, this __19__ day of December, 2014.

_____
Jeffrey M. Byrd, Esquire
Florida Bar # 0959596
Jeffrey M. Byrd, P.A.
2620 E. Robinson Street
Orlando, FL 32803
(407)423-1313
Attorney for Plaintiff
attorneybyrd@aggressiveattorneys.com
nadia@aggressiveattorneys.com
pleadings@aggressiveattorneys.com